PHILIP R. SELLINGER
United States Attorney
JOHN F. BASIAK JR.
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
(609) 858-0309
john.basiak@usdoj.gov
*Attorneys for Eugene Grzywna*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>v.<br><br>EUGENE GRZYWNA,<br><br>      *Defendant*. | Civil Action No. 22-cv-3579<br>Complaint No. SC-2020-54769<br><br><br><br>**NOTICE OF REMOVAL** |

To:    JENNIFER CAMPANELLA      RONALD J. GELZUNAS
          City of Wildwood Municipal Court   City of Wildwood Municipal Court
          Court Administrator               Municipal Prosecutor
          115 West Davis Avenue           115 West Davis Avenue
          Wildwood, NJ 08260             Wildwood, NJ 08260

          PAUL DELEONARDIS         CLERK OF THE COURT
          3005 Atlantic Avenue            City of Wildwood Municipal Court
          Wildwood, NJ 08260             Court Administrator
          *Complainant*                115 West Davis Avenue
                                           Wildwood, NJ 08260

PLEASE TAKE NOTICE that this action, previously pending in the City of

Wildwood Municipal Court (the "Municipal Court Action"), is hereby removed to the

United States District Court for the District of New Jersey under 28 U.S.C. §§

1442(a), 1455.

Defendant Eugene Grzywna, by and through his undersigned attorneys,

respectfully states the following in support of the removal of the Municipal Court

Action upon information and belief:

## Background: The Charges Against Mr. Grzywna

1.      On September 21, 2020, the City of Wildwood Municipal Court issued a

complaint and summons charging Mr. Grzywna with trespassing, in violation of

N.J.S.A. 2C:18-3(a).  *See* Ex. 1.

2.      Under this statute, "[a] person commits an offense if, knowing that he

is not licensed or privileged to do so, he enters or surreptitiously remains in any

research facility, structure, or separately secured or occupied portion thereof, or in

or upon utility company property, or in the sterile area or operational area of an

airport."  *Id.*  "The offense is a crime of the fourth degree if it is committed in a

dwelling."  *Id.*

3.      The complaint charging Mr. Grzywna with trespassing was signed

(and certified) by Paul DeLeonardis, a private citizen residing at 3005 Atlantic

Avenue, Wildwood, NJ.

## Mr. Grzywna's Actions as a Federal Officer

4.      The complaint arises from Mr. Grzywna's presence on or around Mr.

DeLeonardis's property while Mr. Grzywna was acting within the scope of his

federal employment.  Specifically, Mr. Grzywna was an enumerator for the United

State Census Bureau for with the 2020 Census.

5.      The Census Bureau is a federal agency within the Department of

Commerce.  The Census Bureau conducts the Census in accordance with the

Enumeration Clause of the United States Constitution, Article I, Section 2, Clause

3, as well as authorizing legislation in place since 1790.[1]

6.      The Census Bureau requested that Mr. Grzywna work as an

enumerator in New Jersey to assist with completing the "Non-Response Follow Up

Operation," which he did from September 10 to 30, 2020.  The Non-Response Follow

Up Operation involved "visiting every household that has not already responded to

the 2020 Census to ensure a complete and accurate count."[2]

7.      Specifically, the Census Bureau directed Mr. Grzywna to attempt to

complete the Census questionnaire for each housing unit on his list, entering the

answers to the questionnaire into an iPhone provided by the Census Bureau.  To

that end, on or around September 21, 2020, Mr. Grzywna attempted to enumerate a

housing unit at 3005 Atlantic Avenue, Wildwood, New Jersey, that was on his

assigned case list.

8.      At all times relevant to the trespassing charges, Mr. Grzywna was a

federal officer acting within the scope of his federal employment and in the

performance of his federal duties.

---

[1] *See Our Story*, https://www.census.gov/about/authority.html (last visited June 6, 2022).

[2] *See generally 2020 Census: Nonresponse Followup*, https://www.census.gov/newsroom/press-kits/2020/nonresponse-followup.html (last visited June 6, 2022).

**Procedural History**

9.      In late-September 2020, Mr. Grzywna received a complaint and summons at his home in Massachusetts from the City of Wildwood Municipal Court charging him with trespassing, in violation of N.J.S.A. 2C:18-3(a).  *See* Ex. 1.

10.      Mr. Grzywna notified his local Census office in Massachusetts of the charge and requested legal representation from the Department of Justice.  The Census Bureau concurred with this representation request.

11.      On May 16, 2022, the Department of Justice granted Mr. Grzywna representation under 28 C.F.R. § 50.15(a)(2) in connection with the trespassing charge.  Under this regulation, the Department of Justice may represent a current or former federal employee "in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."

12.      Mr. Grzywna's initial appearance for the trespassing charge against him is currently scheduled for June 8, 2022 at 11 a.m. via videoconference.

**Basis for Removal of the Municipal Court Action**

13.      The Municipal Court Action is subject to 28 U.S.C. § 1442(a)(1).  Under this statute, a "criminal prosecution that is commenced in a State court and that is against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or

4

relating to any act under color of such office" may be removed to the district court of

the United States for the district and division embracing the place where the

criminal prosecution is pending.

14.     "A notice of removal of a criminal prosecution shall be filed not later

than 30 days after the arraignment in the State court, or at any time before trial,

whichever is earlier, except that for good cause shown the United States district

court may enter an order granting the defendant or defendants leave to file the

notice at a later time."  § 1455(b)(1).

15.     Removal under § 1442(a) is appropriate because Mr. Grzywna was

acting within scope of his employment as an enumerator for the Census Bureau on

September 21, 2020, during the time and place that he allegedly committed a

trespass in violation of N.J.S.A. 2C:18-3(a).  Furthermore, Mr. Grzywna denies the

charge, and he has federal immunity from prosecution under the Supremacy Clause

of the United States Constitution.  *See In re Neagle*, 135 U.S. 1, 75 (1890); *New York

v. Tanella*, 374 F.3d 141, 147 (2d Cir. 2004).  Moreover, by issuing this complaint

against Mr. Grzywna, the State of New Jersey is effectively attempting to use its

police powers to hold him personally responsible for actions taken in the

performance of his federal duties.

16.     Removal is timely because the municipal court has not arraigned Mr.

Grzywna or commenced his trial.  Mr. Grzywna's initial appearance before the

municipal court is scheduled for June 8, 2022 at 11 a.m. via videoconference.

17.     The United States District Court for the District of New Jersey is the

federal district embracing the place in which the Municipal Court Action is pending.

18.     A copy of this notice of removal will be filed via e-mail, facsimile, and U.S. mail to the City of Wildwood Municipal Court.  *See* Ex. 2 (letter to the municipal court).  This Office confirmed with the municipal court via phone and e-mail that these methods of service were acceptable.

## Request for a Stay of the Municipal Court Action

19.     Under 28 U.S.C. § 1455(b)(3), "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded."

20.     Mr. Gryzwna respectfully requests that the municipal court stay the Municipal Court Action pending resolution of this matter in federal district court.  A stay would avoid wasting the parties' and the municipal court's resources and be in the interest of justice.

THEREFORE, the Municipal Court Action is hereby removed to the United States District Court for the District of New Jersey for further proceedings, and the municipal court should stay any remaining proceedings concerning Mr. Grzywna pending resolution of this matter in federal district court.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By:    /s/ John F. Basiak Jr.
       JOHN F. BASIAK JR.
       Assistant U.S. Attorney
       *Attorneys for Eugene Grzywna*

Dated: June 7, 2022